NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1086

V.B.

vs.

B.W.R.T.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, B.W.R.T., appeals from an order that issued under G. L. c. 209A.  We vacate the order.

This matter began with the filing of a complaint by the plaintiff, V.B., on May 14, 2025, seeking a harassment prevention order under G. L. c. 258E, and the scheduling of a two-party hearing with notice on May 28, 2025.  At the scheduled two-party hearing, the plaintiff appeared, but the defendant did not appear, and the first judge issued an ex parte abuse prevention order under G. L. c. 209A with a hearing scheduled for June 11, 2025.  Following the June 11 hearing, where the plaintiff appeared pro se and the defendant appeared with

counsel, a second judge extended the 209A order to December 11, 2025.  The defendant filed a notice of appeal on July 10, 2025.

In an affidavit in support of the complaint, the plaintiff referred generally to secret communication with the defendant during their relationship.  She claimed that the defendant "was insistent on sharing things I told him in private that were sexual in nature, including sharing them with my uncles."  After they broke up, the defendant told one of her family members, "When my job is done which could be days, weeks, or months, I'll let you know."  The plaintiff took this statement to mean that a "vendetta" was underway.

At the two-party hearing, the plaintiff disclaimed any physical violence or threats of violence and testified, "So most of what has happened in the past has been, like I said, emotional, but try to control and humiliate me to people."  When questioning the plaintiff, the judge asked her to explain what the defendant said "without getting into the nature of what was said."  She then testified that when they were not getting along, the defendant threatened to tell her family "personal information" that she disclosed to the defendant.  More than twenty-five times, the defendant presented her with an "ultimatum, that me, him, we had to tell them and discuss this with them."

2

After the defendant declined to testify, and his attorney argued that there was insufficient evidence to support a 209A order, the judge concluded, "The [c]ourt finds that the plaintiff has met her burden of establishing a pattern of behavior of threats to communicate sensitive information to family members under what we call 'coercive control.'" See G. L. c. 209A, § 1 (subsection [d] of definition of abuse), as amended through St. 2024, c. 118, § 4 (effective September 18, 2024).

To obtain an initial order under G. L. c. 209A, the plaintiff bears the burden of proving by a preponderance of the evidence that he or she is suffering from abuse. See Vanna V. v. Tanner T., 102 Mass. App. Ct. 549, 552-553 (2023). "Abuse" is defined as "the occurrence of any of the following acts between family or household members; (a) attempting to cause or causing physical harm; (b) placing another in fear of imminent serious physical harm; (c) causing another to engage involuntarily in sexual relations by force, threat or duress; [or] (d) coercive control." G. L. c. 209A, § 1.

On appeal, we accord deference to any findings of fact and determine "whether the evidence, as [a] matter of law, warranted issuance of the c. 209A order." Szymkowski v. Szymkowski, 57 Mass. App. Ct. 284, 285 (2003). Before the "potent remedies" of a 209A order may be administered, id. at 286, there must be

3

sufficient "objective evidence" to support such an order.  Keene v. Gangi, 60 Mass. App. Ct. 667, 670 (2004).  "[T]he powers of the court under c. 209A must be exercised in accordance with the statutory language."  Carroll v. Kartell, 56 Mass. App. Ct. 83, 87 (2002).  A 209A order should not issue "simply because it seems to be a good idea or because it will not cause the defendant any real inconvenience."  Smith v. Joyce, 421 Mass. 520, 523 n.1 (1995).

The record here lacks sufficient evidence of "coercive control" under G. L. c. 209A, § 1.  The judge concluded otherwise, believing there was sufficient evidence of the defendant "threatening to publish sensitive personal information relating to the family or household member."  G. L. c. 209A, § 1.  He could not reach such a conclusion under the statute, however, without first evaluating the secret communication between the plaintiff and the defendant.  As to that secret communication, all the judge had before him was the plaintiff's vague and elliptical reference to some kind of communication that was "private" and "sexual in nature."  Thus, the record lacked any "objective evidence" to support a 209A order, Keene, 60 Mass. App. Ct. at 670, grounded on a threat to publish "sensitive personal information."  G. L. c. 209A, § 1.

We appreciate that the judge showed great sensitivity when he asked the plaintiff to avoid providing details of the

4

pertinent conversation, but that route also discouraged the plaintiff from providing anything more than conclusory testimony without any underlying facts.  See Frizado v. Frizado, 420 Mass. 592, 596 (1995) ("plaintiff must make the case for the awarding of relief").  Given such vague and conclusory testimony, the judge could not fully evaluate the secret communication "in accordance with the statutory language."  Carroll, 56 Mass. App. Ct. at 87.

We also note that the statute's definition of "coercive control" is quite broad, and the Supreme Judicial Court has recently requested amicus briefs in a case raising the question "[w]hether the 'coercive control' provision is vague and overbroad in violation of the First and Fifth Amendments to the United States Constitution and cognate provisions of the Massachusetts Constitution."  G.P. vs. S.P., Supreme Judicial Ct., No. SJC-13947 (May 19, 2026).  Although we of course express no view on that question, we think it important that, before any order premised on coercive control is issued, the record be clear about how a defendant's conduct satisfies the statutory requirements, including not only the specific nature of that conduct but also how it meets the requirement of causing a plaintiff "to reasonably fear physical harm or have a reduced sense of physical safety or autonomy."  G. L. c. 209A, § 1.

5

Because we are vacating the order, we need not address the defendant's other arguments.

Order dated June 11, 2025, vacated.

By the Court (Sacks, Singh & Hodgens, JJ.[1]),

Clerk

Entered: July 24, 2026.

---

[1] The panelists are listed in order of seniority.